IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SELENE GUZMAN AYALA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-1571-KC |
| | § | |
| EL PASO PROCESSING CENTER | § | |
| WARDEN et al., | § | |
| | § | |
| Respondents. | § | |

**ORDER**

On this day, the Court considered Selene Guzman Ayala's Petition for a Writ of Habeas Corpus, ECF No. 1.  Guzman Ayala is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas.  *Id.* at 1.  She argues that her detention is unlawful and asks the Court to order her release or a bond hearing.  *Id.* ¶¶ 41–73; *id.* at 13.

Guzman Ayala entered the country without inspection or admission in 2009.  Resp. 3, ECF No. 3.  She was encountered by immigration authorities for the first time on July 16, 2018, placed in removal proceedings, and released on her own recognizance.  *Id.* at 3–4.  On October 9, 2019, Guzman Ayala pled guilty to a misdemeanor charge of possession of stolen identification documents and was sentenced to fifteen months of probation.  *Id.* at 4.  On August 20, 2021, an Immigration Judge ("IJ") administratively closed Guzman Ayala's removal proceedings.  *Id.*  On July 24, 2025, her removal proceedings were re-calendared upon motion by the Department of Homeland Security ("DHS").  *Id.*  On March 12, 2026, Guzman Ayala was taken into immigration custody.  *Id.*  In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Guzman Ayala's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Martinez v. Noem*, No.

3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)."  Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Guzman Ayala's case warrant a different outcome."  *Id.*

Respondents argue that Guzman Ayala's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1.

Guzman Ayala argues that her detention without an opportunity for a meaningful individualized custody determination is unlawful on statutory grounds, as well as constitutional due process grounds.  Pet. ¶¶ 41–73.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Guzman Ayala's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Guzman Ayala's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–27, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3;

*Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025).  Because Respondents have not identified any material differences between Guzman Ayala's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Guzman Ayala's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Guzman Ayala's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before June 24, 2026**, Respondents shall either: (1) provide Guzman Ayala with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Guzman Ayala's continued detention; or (2) release Guzman Ayala from custody, under reasonable conditions of supervision.

---

[1] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 3–4, and therefore grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Guzman Ayala's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**IT IS FURTHER ORDERED** that, <u>**on or before June 24, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Guzman Ayala has been released from custody.  If Guzman Ayala has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Guzman Ayala is released from custody, Respondents shall **RETURN** all of her personal property in their custody, without which her liberty interest will be affected, to her upon release.  Such property includes, but is not limited to, identification documents.

<u>**There will be no extensions of the June 24, 2026, deadlines,**</u> unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

<u>**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**</u>.

**SO ORDERED**.

**SIGNED this 17th day of June, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE